OSCN Found Document:STITT v. CITY OF TULSA

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STITT v. CITY OF TULSA
2025 OK CR 5
Case Number: M-2022-984
Decided: 03/06/2025
MARVIN KEITH STITT, Appellant v. THE CITY OF TULSA, Appellee
Cite as: 2025 OK CR 5, __ __

 

 

SUMMARY OPINION

ROWLAND, JUDGE:

¶1 Appellant, Marvin Keith Stitt, was convicted of Aggravated Speeding (Tulsa, Okla., Rev. Ordinances Title 37, § 617(C) (2021)) following a non-jury trial before the Honorable Mitchell McCune, Municipal Judge, and fined $250.00 in City of Tulsa Municipal Court Citation/Case No. 7569655.

ANALYSIS

¶2 Mr. Stitt was issued City of Tulsa (Tulsa) Municipal Citation/Case No. 7569655 on February 3, 2021, alleging he was driving 16-20 miles per hour over the posted speed limit. On June 16, 2022, Tulsa was allowed to file an amended citation alleging Mr. Stitt was guilty of aggravated speeding for driving more than twenty miles per hour over the posted speed limit (78 miles per hour where the speed limit was 50 miles per hour). (Tulsa, Okla., Rev. Ordinances Title 37, § 617(C) (2021)). Prior to his conviction, Mr. Stitt filed multiple motions to dismiss the charge, arguing Tulsa lacked criminal jurisdiction because he was an enrolled citizen of the federally recognized Cherokee Nation tribe and the alleged crime occurred within the boundaries of the Muscogee (Creek) Nation. See McGirt v. Oklahoma, 591 U.S. 894 (2020). Tulsa argued that it retained pre-statehood jurisdiction over Indians pursuant to the Curtis Act of 1898. Curtis Act, ch. 517, § 14, 30 Stat. 495, 499-500 (1898)("Curtis Act").

¶3 The trial court held multiple hearings on Mr. Stitt's motions to dismiss, and on June 15, 2022, Judge McCune denied Mr. Stitt's motions. Tulsa's argument in this case before Judge McCune centered on the United States District Court for the Northern District of Oklahoma's April 13, 2022 order in Hooper v. City of Tulsa, No. 21-cv-165-WPJ-JFJ, 2022 WL 1105674 (N.D. Okla. Apr. 13, 2022). Judge McCune relied on the Northern District's April 13, 2022 order in Hooper adopting Tulsa's identical argument that it retained pre-statehood jurisdiction over Indians pursuant to the Curtis Act. Id. at 5. Following a non-jury trial, Mr. Stitt was convicted on October 20, 2022, by Judge McCune and fined $250.00. Mr. Stitt announced his intent to appeal.

¶4 Mr. Stitt filed his appeal brief with this Court on April 13, 2023, arguing in two propositions (Proposition A and B) that Section 14 of the Curtis Act did not allow Tulsa jurisdiction over his traffic violation and attacking the federal district court's order in Hooper. Tulsa filed its brief on June 12, 2023, repeating its Section 14 argument and relying on the April 13, 2022 Hooper order.

¶5 On June 28, 2023, the Tenth Circuit reversed the lower court in Hooper after finding that Tulsa's Curtis Act claims were without merit. Hooper v. City of Tulsa, 71 F.4th 1270, 1285-88 (10th Cir. 2023). The parties in Hooper made the same arguments before the Tenth Circuit regarding Section 14 of the Curtis Act and whether it provides Tulsa with criminal jurisdiction over Indian defendants. Id. at 1273. The Tenth Circuit ruled that it was dispositive that what powers Tulsa possessed pursuant to Section 14 of the Curtis Act were lost 1) upon statehood and 2) when Tulsa incorporated under the laws of the State of Oklahoma. Id. at 1285--87.

¶6 On September 19, 2023, this Court entered an order granting Appellee's motion seeking leave to file a supplemental brief addressing the Tenth Circuit's final opinion in Hooper. We directed both parties, and invited the amicus parties, to address "the impact of the Hooper decision on this appeal" and to address "the impact of [Oklahoma v.] Castro-Huerta [597 U.S. 629 (2022)] on the possible preemption of municipal jurisdiction in this case, and whether under [White Mountain Apache Tribe v.] Bracker [448 U.S. 136 (1980)] the City of Tulsa has concurrent jurisdiction over its municipal offenses." See Order Directing Supplemental Briefing at 2, Stitt v. Tulsa, No. M-2022-984 (Okl. Cr. September 19, 2023) (not for publication).

¶7 On October 19, 2023, Appellant filed a supplemental brief including a Proposition A arguing this Court should rely on the Tenth Circuit's holding in Hooper and deny Tulsa's Curtis Act arguments. This Court recently addressed and denied the same Hooper arguments made by Appellant in this case in City of Tulsa v. O'Brien, 2024 OK CR 31O'Brien noted that while this Court is not bound by Tenth Circuit precedents, we will follow the guidance of the Tenth Circuit until the United States Supreme Court rules on the issue. Id., 2024 OK CR 31 McCauley v. State, 2024 OK CR 8548 P.3d 461Davis v. State, 2011 OK CR 29268 P.3d 86 addressed the identical issues raised by Tulsa in this case in Hooper, and the analysis in the Tenth Circuit's opinion establishes that the entirety of Tulsa's Curtis Act arguments are without merit. Hooper, 71 F.4th at 1285-87. As a result, Appellant's original Propositions A and B and Supplemental Proposition A are denied.

¶8 Appellant's supplemental brief also included a Proposition B maintaining Castro-Huerta did "not impact this case in any way." O'Brien also addressed and denied virtually the same Castro-Huerta arguments made by Appellant in this case. Id., 2024 OK CR 31Bracker balancing, this Court found that Oklahoma has concurrent criminal jurisdiction in Indian country over non-member Indian defendants accused of committing non-major crimes. Id., 2024 OK CR 31Bracker does not preempt the exercise of state (and thus municipal) jurisdiction. Id. Pursuant to this Court's reasoning in O'Brien, Tulsa's exercise of jurisdiction in this case does not unlawfully infringe upon tribal self-government and Appellant's claims are without merit. Proposition B in Appellant's supplemental brief is denied.

DECISION

¶9 The Judgment and Sentence of the Municipal Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2025), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE MUNICIPAL COURT OF THE CITY OF 
TULSA, THE HONORABLE MITCHELL MCCUNE,
MUNICIPAL JUDGE

 
 
 
 APPEARANCES AT TRIAL

 SABAH KHALAF
 BRETT CHAPMAN
 THE KHALAF LAW FIRM, PLLC
 15 WEST SIXTH STREET
 SUITE NO. 2800
 TULSA, OK 74104
 COUNSEL FOR APPELLANT

 JAMES HALL
 ASST. CITY ATTORNEY
 CITY OF TULSA
 175 E. 2ND ST., SUITE 685
 TULSA, OK 74103
 COUNSEL FOR APPELLEE
 
 
 APPEARANCES ON APPEAL

 BRETT CHAPMAN
 THE KHALAF LAW FIRM, PLLC
 15 WEST SIXTH STREET
 SUITE NO. 2800
 TULSA, OK 74104
 COUNSEL FOR APPELLANT

 BETH ANNE CHILDS
 THE CHILDS LAW FIRM, PLLC
 1015 S. DETROIT AVE.
 TULSA, OK 74120
 COUNSEL FOR APPELLEE

 BECKY JOHNSON
 SR. ASST. CITY ATTORNEY
 KRYSTINA GRAY
 LITIGATION DIVISION MANAGER
 CITY OF TULSA
 175 E. 2ND ST., SUITE 685
 TULSA, OK 74103
 COUNSEL FOR APPELLEE
 
 
 

 

APPEARANCES ON APPEAL -- AMICI CURIAE

STEPHEN H. GREETHAM
GREETHAM LAW, PLLC
512 N. BROADWAY, SUITE 205
OKLAHOMA CITY, OK 73102

MEREDITH TURPIN
SENIOR ASSOCIATE GENERAL COUNSEL
CHICKASAW NATION
OFFICE OF EXECUTIVE COUNSEL
2021 ARLINGTON STREET
ADA, OK 74820
COUNSEL FOR CHICKASAW NATION

SARA HILL
ATTORNEY GENERAL
CHRISSI NIMMO
DEPUTY ATTORNEY GENERAL
CHEROKEE NATION
P.O. BOX 948
TAHLEQUAH, OK 74465
COUNSEL FOR CHEROKEE NATION

BRIAN DANKER
SENIOR EXECUTIVE OFFICER
DIVISION OF LEGAL & COMPLIANCE
CHOCTAW NATION OF OKLAHOMA
1802 CHUKKA HINA DRIVE
DURANT, OK 74701
COUNSEL FOR CHOCTAW NATION OF OKLAHOMA

FRANK S. HOLLEMAN
SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP
145 WILLOW STREET, SUITE 200
BONITA, CA 91902

DOUGLAS B.L. ENDRESON
SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP
1425 K. STREET NW, SUITE 600
WASHINGTON, DC 20005
COUNSEL FOR CHEROKEE NATION, CHICKASAW NATION, AND
CHOCTAW NATION OF OKLAHOMA

GERALDINE WISNER
ATTORNEY GENERAL
MUSKOGEE (CREEK) NATION
P.O. BOX 580
OKMULGEE, OK 74447

STEPHANIE RUSH
KANJI & KATZEN, PLLC
P.O. BOX 2579
SAPULPA, OK 74067

RIYAZ A. KANJI
DAVID A. GIAMPETRONI
KANJI & KATZEN, PLLC
303 DETROIT STREET, SUITE 400
ANN ARBOR, MICHIGAN 48104
COUNSEL FOR MUSKOGEE (CREEK) NATION

VALERIE DEVOL
ATTORNEY GENERAL
SEMINOLE NATION OF OKLAHOMA
DEVOL & ASSOCIATES
15205 TRADITIONS LAKE PARKWAY
EDMOND, OK 73013
COUNSEL FOR SEMINOLE NATION OF OKLAHOMA

COURTNEY D. POWELL
ANTHONY J. FERATE
JOHN E. DORMAN
SPENCER FANE LLP
9400 NORTH BROADWAY EXTENSION, SUITE 600
OKLAHOMA CITY, OK 73114
COUNSEL FOR OKLAHOMA ASSOCIATION OF MUNICIPAL
ATTORNEYS

TODD KIM
ASSISTANT ATTORNEY GENERAL
AMBER BLAHA
ATTORNEY
ENVIRONMENTAL AND NATURAL RESOURCES DIVISION
U.S. DEPARTMENT OF JUSTICE
P.O. BOX 7415
WASHINGTON, DC 20044

SHANNON COZZONI
ASSISTANT UNITED STATES ATTORNEY
110 WEST 7TH
TULSA, OK 74119
COUNSEL FOR UNITED STATES OF AMERICA

ANDREW W. LESTER
SPENCER FANE LLP
9400 NORTH BROADWAY EXTENSION,
SUITE 600
OKLAHOMA CITY, OK 73114
COUNSEL FOR OKLAHOMA ASSOCIATION
OF MUNICIPAL ATTORNEYS

CHAD HARSHA
ATTORNEY GENERAL
CHEROKEE NATION
P.O. BOX 948
TAHLEQUAH, OK 74465
COUNSEL FOR CHEROKEE NATION

 

OPINION BY: ROWLAND, J.
LUMPKIN, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur in Part and Dissent in Part
HUDSON, J.: Concur

 

LEWIS, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 I concur in the Court's holding regarding the Curtis Act and Hooper v. City of Tulsa, but respectfully dissent from the remainder of the opinion for reasons stated in my separate opinion in City of Tulsa v. O'Brien. The Court should reverse this conviction of an Indian defendant in an Oklahoma municipal court for a crime committed within the Muskogee Creek Reservation. Congress has never conferred criminal jurisdiction on the State or its municipal subdivisions to prosecute Indians for crimes committed in Indian Country.

 

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105